1   Gary R. Selvin, State Bar No. 112030
    SELVIN WRAITH HALMAN LLP
2   505 14th Street, Suite 1200
    Oakland, CA 94612
3   Telephone:    (510) 874-1811
    Facsimile:    (510) 465-8976
4   E-mail:  gselvin@selvinwraith.com

5   Attorneys for Plaintiffs
    National Union Fire Insurance Company of Pittsburgh, Pa.
6   and The Insurance Company of the State of Pennsylvania

7

8              IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

10  NATIONAL UNION FIRE INSURANCE          CASE NO.:  C11-04897
    COMPANY OF PITTSBURGH, PA., and THE
11  INSURANCE COMPANY OF THE STATE         **COMPLAINT FOR DECLARATORY**
    OF PENNSYLVANIA,                       **RELIEF AND REIMBURSEMENT OF**
12                                         **DEFENSE COSTS**
                   Plaintiffs,
13                                         **DEMAND FOR JURY TRIAL**
            v.
14
    ELECTRONIC ARTS, INC. and THE
15  COLLEGIATE LICENSING COMPANY,

16                 Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

---

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

Plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and The Insurance Company of the State of Pennsylvania ("ISOP"), by their attorneys, for their Complaint for Declaratory Relief and Reimbursement of Defense Costs, state:

## I.  NATURE OF ACTION

1.     This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  National Union and ISOP seek a declaration of the parties' rights and obligations under insurance policies issued by National Union and ISOP to Electronic Arts, Inc., ("EA") with respect to the Underlying Lawsuits identified in this Complaint.  Disputes exist between the parties regarding whether there is coverage for the Underlying Lawsuits under the National Union and ISOP policies.  National Union and ISOP seek declarations that:

(a)     The National Union and ISOP policies do not provide coverage for EA and The Collegiate Licensing Company ("CLC"), for any of the causes of action in the Underlying Lawsuits;

(b)     National Union and ISOP have no duty to defend EA and CLC in the Underlying Lawsuits under the National Union and ISOP policies;

(c)     National Union and ISOP have no duty to indemnify EA and CLC in the Underlying Lawsuits under the National Union and ISOP policies; and

(d)     National Union and ISOP are entitled to reimbursement from EA and CLC for any and all defense costs paid to EA and CLC for their respective defenses in the Underlying Lawsuits.

## II.  PARTIES

2.     Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. is incorporated under the laws of Pennsylvania and has its principal place of business in New York.

3.     Plaintiff The Insurance Company of the State of Pennsylvania is incorporated under the laws of Pennsylvania and has its principal place of business in New York.

4.     Based on information and belief, Defendant Electronic Arts, Inc., is incorporated under the laws of Delaware and has its principal place of business in Redwood City, California.  EA is a named insured under the National Union and ISOP policies described below and has sought coverage for the Underlying Lawsuits.  This Court has personal jurisdiction over EA based on the location of its principal place of business.

5.     Based on information and belief, Defendant The Collegiate Licensing Company is

1

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

incorporated under the laws of Georgia and has its principal place of business in Atlanta, Georgia.
CLC is an additional insured under the National Union policies described below and has sought
coverage for the Underlying Lawsuits. This Court has personal jurisdiction over CLC based on its
substantial activities in this District, its status as an additional insured on insurance policies issued to
EA in this District, and its status as a defendant in several Underlying Lawsuits in this District.

### III.   JURISDICTION AND VENUE

6.     This declaratory relief action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule
57 of the Federal Rules of Civil Procedure.

7.     An actual, justiciable controversy exists between the Plaintiffs and Defendants within
the meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage provided
under the National Union and ISOP policies, as more particularly described below.

8.     This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), because the
amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and
the suit is between citizens of different states.

9.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a)(2), because a
substantial part of the underlying events giving rise to this insurance-coverage action took place in
this District.

### IV.   INTRADISTRICT ASSIGNMENT

10.    Assignment is proper in this Division under Local Rule 3-2(c) and (d) because a
majority of the Underlying Lawsuits giving rise to this action are venued in this Division.

### V.   THE UNDERLYING LAWSUITS

11.    This insurance-coverage action arises out of a series of civil actions filed in various
jurisdictions across the country, alleging EA and CLC unlawfully appropriated the underlying
claimants' and class members' images and likenesses, without due compensation, for use in EA video
games. Most of the Underlying Complaints allege that the National Collegiate Athletic Association
("NCAA") required its student-athletes to sign an agreement that they would not receive any
compensation for their participation in college athletics, including after their eligibility expired. The
Underlying Complaints allege that EA has produced video games that featured college basketball and

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

1   football players, utilizing the players' likenesses and images, absent their names. Many of the

2   Underlying Complaints allege that CLC. the NCAA's licensing branch, sanctioned the alleged

3   appropriations and profited off the royalties.

4          12.    Other Underlying Complaints are brought by or on behalf of ex-National Football

5   League players. alleging that EA similarly failed to compensate them for use of their images and

6   likenesses in EA video games.

7          13.    Among other allegations, the Underlying Complaints allege that EA's and CLC's

8   appropriations violate the underlying plaintiffs' and class members' common law and statutory

9   publicity rights by depriving them of compensation for use of their images and likenesses.

10         14.    EA and/or CLC have tendered a total of 18 lawsuits to National Union and/or ISOP.

11  seeking a defense and indemnity. National Union and/or ISOP have accepted EA's and CLC's

12  defenses, subject to a reservation of rights, including the right to seek reimbursement of defense costs

13  for uncovered claims.

14         15.    The lawsuits below are the Underlying Lawsuits tendered to National Union and/or

15  ISOP. Based on information and belief, some of the Underlying Lawsuits have been dismissed or

16  were consolidated, but National Union and ISOP seek a declaration of their insurance-coverage

17  obligations under each of the Underlying Lawsuits so that they may be reimbursed for any defense

18  costs paid to EA and/or CLC in each of the Lawsuits. The Underlying Lawsuits tendered to National

19  Union and/or ISOP are as follows:

20         a.    Representatives of two classes of plaintiffs commenced a lawsuit entitled *In Re*

21  *NCAA Student-Athlete Name & Likeness Litigation*, No. C 09-01967, in U.S. District Court for the

22  Northern District of California. The Second Consolidated Amended Class Action Complaint in this

23  lawsuit was filed on May 16, 2011. EA and CLC are both named as defendants. A true and correct

24  copy of this Complaint, as tendered to National Union, is attached hereto as Exhibit A.

25         b.    Plaintiff Samuel Michael Keller, on behalf of a class, commenced a lawsuit

26  entitled *Keller, et al. v. Electronic Arts. Inc., et al.*, No. CV-09-1967, in U.S. District Court for the

27  Northern District of California, on May 5, 2009. EA and CLC are both named as defendants. Based

28  on information and belief, the lawsuit was consolidated with *In Re NCAA Student-Athlete Name &*

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

1 | *Likeness Litigation.* A true and correct copy of this Complaint, as tendered to National Union, is

2 | attached hereto as Exhibit B.

3 |           c.      Plaintiff Edward C. O'Bannon, Jr., on behalf of a class, commenced a lawsuit

4 | entitled *O'Bannon, et al. v. National Collegiate Athletic Association, et al.*, No. CV-09-3329, in U.S.

5 | District Court for the Northern District of California, on May 5, 2009. CLC is named as a defendant,

6 | but EA is not. Based on information and belief, the lawsuit was consolidated with *In Re NCAA*

7 | *Student-Athlete Name & Likeness Litigation.* A true and correct copy of this Complaint, as tendered

8 | to National Union, is attached hereto as Exhibit C.

9 |           d.      Plaintiff Bryon Bishop, on behalf of a class, commenced a lawsuit entitled

10 | *Bishop, et al. v. Electronic Arts, Inc., et al.*, No. CV-09-4128, in U.S. District Court for the Northern

11 | District of California, on September 4, 2009. EA and CLC are both named as defendants. Based on

12 | information and belief, the lawsuit was consolidated with *In Re NCAA Student-Athlete Name &*

13 | *Likeness Litigation.* A true and correct copy of this Complaint, as tendered to National Union, is

14 | attached hereto as Exhibit D.

15 |           e.      Plaintiff Craig Newsome, on behalf of a class, commenced a lawsuit entitled

16 | *Newsome, et al. v. National Collegiate Athletic Association, et al.*, No. CV-09-4882, in U.S. District

17 | Court for the Northern District of California, on October 14, 2009. CLC is named as a defendant, but

18 | EA is not. Based on information and belief, the lawsuit was consolidated with *In Re NCAA Student-*

19 | *Athlete Name & Likeness Litigation.* A true and correct copy of this Complaint, as tendered to

20 | National Union, is attached hereto as Exhibit E.

21 |           f.      Plaintiff Michael Anderson, on behalf of a class, commenced a lawsuit entitled

22 | *Anderson, et al. v. National Collegiate Athletic Association, et al.*, No. CV-09-5100, in U.S. District

23 | Court for the Northern District of California, on October 27, 2009. CLC is named as a defendant, but

24 | EA is not. Based on information and belief, the lawsuit was consolidated with *In Re NCAA Student-*

25 | *Athlete Name & Likeness Litigation.* A true and correct copy of this Complaint, as tendered to

26 | National Union, is attached hereto as Exhibit F.

27 |           g.      Plaintiff Danny Wimprine, on behalf of a class, commenced a lawsuit entitled

28 | *Wimprine, et al. v. National Collegiate Athletic Association, et al.*, No. CV-09-5134, in U.S. District

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

Court for the Northern District of California, on October 29, 2009. CLC is named as a defendant, but EA is not. Based on information and belief, the lawsuit was consolidated with *In Re NCAA Student-Athlete Name & Likeness Litigation*. A true and correct copy of this Complaint, as tendered to National Union, is attached hereto as Exhibit G.

        h.      Plaintiff Samuel Jacobson, on behalf of a class, commenced a lawsuit entitled *Jacobson, et al. v. National Collegiate Athletic Association, et al.*, No. CV-09-5372, in U.S. District Court for the Northern District of California, on November 13, 2009. CLC is named as a defendant, but EA is not. Based on information and belief, the lawsuit was consolidated with *In Re NCAA Student-Athlete Name & Likeness Litigation*. A true and correct copy of this Complaint, as tendered to National Union, is attached hereto as Exhibit H.

        i.      Plaintiff Damien Rhodes, on behalf of a class, commenced a lawsuit entitled *Rhodes, et al. v. National Collegiate Athletic Association, et al.*, No. CV-09-5378, in U.S. District Court for the Northern District of California, on November 13, 2009. CLC is named as a defendant, but EA is not. Based on information and belief, the lawsuit was consolidated with *In Re NCAA Student-Athlete Name & Likeness Litigation*. A true and correct copy of this Complaint, as tendered to National Union, is attached hereto as Exhibit I.

        j.      Plaintiff Ishmael Thrower, on behalf of a class, commenced a lawsuit entitled *Thrower, et al. v. National Collegiate Athletic Association, et al.*, No. C-10-632, in U.S. District Court for the Northern District of California, on February 12, 2010. CLC is named as a defendant, but EA is not. A true and correct copy of this Complaint, as tendered to National Union, is attached hereto as Exhibit J.

        k.      Plaintiffs Michael E. Davis, Vince Ferragamo, and Billy Joe Dupree, on behalf of a class, commenced a lawsuit entitled *Davis, et al. v. Electronic Arts, Inc.*, No. 10-CV-10-3328, in U.S. District Court for the Northern District of California, on November 8, 2010. EA is named as a defendant, but CLC is not. A true and correct copy of this Complaint, as tendered to National Union and ISOP, is attached hereto as Exhibit K.

        l.      Plaintiffs Bobby C. Maze and Jordan Dixon, on behalf of a class, commenced a lawsuit entitled *Maze, et al. v. National Collegiate Athletic Association, et al.*, No. CV-10-5569, in

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

1  U.S. District Court for the Northern District of California, on December 8, 2010. EA and CLC are

2  both named as defendants. A true and correct copy of this Complaint, as tendered to National Union,

3  is attached hereto as Exhibit L.

4          m.     Plaintiffs Oscar P. Robertson, Tate George, and Ray Ellis, on behalf of a class,

5  commenced a lawsuit entitled *Robertson, et al. v. National Collegiate Athletic Association, et al.*, No.

6  CV-11-0388, in U.S. District Court for the Northern District of California, on January 26, 2011. EA

7  and CLC are both named as defendants. A true and correct copy of this Complaint, as tendered to

8  National Union, is attached hereto as Exhibit M.

9          n.     Plaintiff James "Jim" Brown commenced a lawsuit entitled *Brown v.*

10  *Electronic Arts, Inc.*, No. CV-09-1598, in U.S. District Court for the Central District of California, on

11  March 6, 2009. EA is named as a defendant, but CLC is not. A true and correct copy of this

12  Complaint, as tendered to National Union, is attached hereto as Exhibit N. On July 22, 2009, Brown

13  filed an Amended Complaint. A true and correct copy, as tendered to National Union, is attached

14  hereto as Exhibit O.

15          o.     Plaintiff James "Jim" Brown commenced a lawsuit entitled *Brown v. Sony*

16  *USA, Inc.*, No. 8110412, in the Supreme Court of the State of New York, County of New York, on

17  July 30, 2008. EA is named as a defendant, but CLC is not. A true and correct copy of this

18  Complaint, as tendered to National Union, is attached hereto as Exhibit P.

19          p.     Plaintiff Tommy Hubbard, on behalf of a class, commenced a lawsuit entitled

20  *Hubbard, et al. v. Electronic Arts, Inc.*, No. 27858, in the Circuit Court for Washington County,

21  Tennessee, on September 10, 2009. EA is named as a defendant, but CLC is not. A true and correct

22  copy of this Complaint, as tendered to National Union, is attached hereto as Exhibit Q.

23          q.     Plaintiffs Brad Nuckles and Ryan Lawson, on behalf of a class, commenced a

24  lawsuit entitled *Nuckles, et al. v. National Collegiate Athletic Association, et al.*, No. 27864, in the

25  Circuit Court for Washington County, Tennessee, on September 15, 2009. CLC is named as a

26  defendant, but EA is not. A true and correct copy of this Complaint, as tendered to National Union, is

27  attached hereto as Exhibit R.

28          r.     Plaintiffs Ryan Hart and Troy Taylor commenced a lawsuit entitled *Hart, et al.*

6

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

1   *v. Electronic Arts, Inc.*, No. SOM-L-1094-09, in the Superior Court of New Jersey Law Division,

2   Somerset County, on June 15, 2009. EA is named as a defendant, but CLC is not. A true and correct

3   copy of this Complaint, as tendered to National Union, is attached hereto as Exhibit S. Based on

4   information and belief, this lawsuit was removed to federal court, and Taylor ceased to be a named

5   Plaintiff. The federal lawsuit, on behalf of a class, is entitled *Hart, et al. v. Electronic Arts, Inc.*, No.

6   3:09-CV-5990, in U.S. District Court for the District of New Jersey, filed on October 12, 2010. EA is

7   named as a defendant, but CLC is not. A true and correct copy of this Complaint, as tendered to

8   National Union, is attached hereto as Exhibit T.

9   **VI.    NATIONAL UNION INSURANCE POLICIES**

10         16.    National Union issued six insurance policies to named insured EA. CLC qualifies as

11   an additional insured on all six policies, "but only with respect to liability for 'bodily injury',

12   'property damage' or 'personal and advertising injury' caused, in whole or in part, by [EA's] acts or

13   omissions or the acts or omissions of those acting on [EA's] behalf . . . [i]n the performance of [EA's]

14   ongoing operations[.]" The three National Union Primary Policies and the three National Union

15   Umbrella Policies are as follows:

16         a.    Commercial General Liability Policy GL 159-55-87, with a policy period of

17   10/01/07 – 10/01/08 and a personal and advertising injury limit of $2,000,000 any one person or

18   organization and $3,000,000 general aggregate ("2007-2008 National Union Primary Policy"). A

19   true and correct copy of the 2007-2008 National Union Primary Policy is attached hereto as Exhibit

20   U.

21         b.    Commercial General Liability Policy GL 187-20-18, with a policy period of

22   10/01/08 – 10/01/09 and a personal and advertising injury limit of $2,000,000 any one person or

23   organization and $3,000,000 general aggregate ("2008-2009 National Union Primary Policy"). A

24   true and correct copy of the 2008-2009 National Union Primary Policy is attached hereto as Exhibit

25   V.

26         c.    Commercial General Liability Policy GL 650-63-95, with a policy period of

27   10/01/09 – 10/01/10 and a personal and advertising injury limit of $2,000,000 any one person or

28   organization and $3,000,000 general aggregate ("2009-2010 National Union Primary Policy"). A

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

1   true and correct copy of the 2009-2010 National Union Primary Policy is attached hereto as Exhibit

2   W.

3             d.      Commercial Umbrella Liability Policy 9835261, with a policy period of

4   10/01/07 – 10/01/08 and an each occurrence and aggregate limit of $25,000,000 ("2007-2008

5   National Union Umbrella Policy"). A true and correct copy of the 2007-2008 National Union

6   Umbrella Policy is attached hereto as Exhibit X.

7             e.      Commercial Umbrella Liability Policy 2226972, with a policy period of

8   10/01/08 – 10/01/09 and an each occurrence and aggregate limit of $25,000,000 ("2008-2009

9   National Union Umbrella Policy"). A true and correct copy of the 2008-2009 National Union

10   Umbrella Policy is attached hereto as Exhibit Y.

11             f.      Commercial Umbrella Liability Policy 27471486, with a policy period of

12   10/01/09 – 10/01/10 and an each occurrence and aggregate limit of $25,000,000 ("2009-2010

13   National Union Umbrella Policy"). A true and correct copy of the 2009-2010 National Union

14   Umbrella Policy is attached hereto as Exhibit Z.

15        17.     The 2007-2008 National Union Primary Policy provides coverage under form CG 00

16   01 (12-04). Relevant language is quoted below. The 2008-2009 and 2009-2010 National Union

17   Primary Policies provide identical coverage under form CG 00 01 (12-07), except where noted below.

18   The differences are immaterial to this coverage dispute.

19   **SECTION I - COVERAGES**

20        * * *

21   **COVERAGE B**      **PERSONAL AND ADVERTISING INJURY LIABILITY**

22   **1.**      **Insuring Agreement**

23        **a.**      We will pay those sums that the insured becomes legally
obligated to pay as damages because of "personal and
24   advertising injury" to which this insurance applies. We will
have the right and duty to defend the insured against any "suit"
25   seeking those damages. However, we will have no duty to
defend the insured against any "suit" seeking damages for
26   "personal and advertising injury" to which this insurance does
not apply. We may, at our discretion, investigate any offense
27   and settle any claim or "suit" that may result. . . .

28        * * *

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

       b.      This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2.     Exclusions**

This insurance does not apply to:

      **a.     Knowing Violation Of Rights Of Another**

      "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

      \* \* \*

      **c.     Material Published Prior to Policy Period**

      "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

      \* \* \*

      **i.     Infringement Of Copyright, Patent, Trademark or Trade Secret**

      "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.[1]  However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

      \* \* \*

**SECTION V – DEFINITIONS**

      \* \* \*

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

      \* \* \*

      e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;

      \* \* \*

**18.**    Endorsement 3 in the 2009-2010 National Union Primary Policy modifies the

---

[1] The 2008-2009 and 2009-2010 National Union Primary Policies add the following language: "Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your 'advertisement'."

9

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

definition of "personal and advertising injury" to delete offense "e. Oral or written publication, in any manner, of material that violates a person's right of privacy[.]"

19.     The National Union Umbrella Policies provide coverage under form 80517 (5/06), in relevant part, as follows:

**I.     INSURING AGREEMENT – COMMERCIAL UMBRELLA LIABILITY**

A.     We will pay on behalf of the **Insured** those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages by reason of liability imposed by law because of **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** to which this insurance applies or because of **Bodily Injury** or **Property Damage** to which the insurance applies assumed by the **Insured** under an **Insured Contract.**

\* \* \*

B.     This policy applies, only if:

\* \* \*

2.     the **Personal Injury and Advertising Injury** is caused by an **Occurrence** that takes place anywhere arising out of your business, but only if the **Occurrence** was committed during the **Policy Period.**

\* \* \*

**III.    DEFENSE PROVISIONS**

A.     We will have the right and duty to defend any **Suit** against the **Insured** that seeks damages for **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** covered by this policy. even if the **Suit** is groundless, false or fraudulent when:

1.     the total applicable limits of **Scheduled Underlying Insurance** have been exhausted by payment of **Loss** to which this policy applies and the total applicable limits of **Other Insurance** have been exhausted; or

2.     the damages sought because of **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** would not be covered by **Scheduled Underlying Insurance** or any applicable **Other Insurance,** even if the total applicable limits of either the **Scheduled Underlying Insurance** or any applicable **Other Insurance** had not been exhausted by the payment of **Loss.**

If we are prevented by law or statute from assuming the obligations specified under this provision. we will pay any expenses incurred with our consent.

B.     We will have no duty to defend the **Insured** against any **Suit** seeking damages for **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** to which this insurance does not apply.

10

\* \* \*

V.    **EXCLUSIONS**

    \* \* \*

L.    **Infringement of Copyright, Patent, Trademark or Trade Secret**

This insurance does not apply to **Personal Injury and Advertising Injury** arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your **Advertisement**, of copyright, trade dress or slogan.

\* \* \*

U.    Various Personal Injury and Advertising Injury

This insurance does not apply to Personal Injury and Advertising Injury:

1.    caused by or at the direction of the **Insured** with the knowledge that the act would violate the rights of another and would inflict **Personal Injury and Advertising Injury**;

    \* \* \*

3.    arising out of oral, written or electronic publication, in any manner, of material whose first publication took place before the beginning of the **Policy Period**;

\* \* \*

VII.   **DEFINITIONS**

    \* \* \*

S.    **Occurrence** means:

    \* \* \*

2.    as respects **Personal Injury and Advertising Injury**, an offense arising out of your business that causes **Personal Injury and Advertising Injury.** All damages that arise from the same, related or repeated injurious material or act will be deemed to arise out of one **Occurrence**, regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants.

    \* \* \*

U.    **Personal Injury and Advertising Injury** means injury arising out of your business, including consequential **Bodily Injury**, arising out of one or more of the following offenses:

    \* \* \*

11

5.    oral or written publication, in any manner, of material that violates a person's right of privacy;

* * *

20.    Endorsement 19 in the 2009-2010 National Union Umbrella Policy, under form 86445 (8/04), provides that "[c]overage under this policy for **Personal Injury and Advertising Injury** will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance** . . . ." The Schedule of Underlying Insurance identifies the 2009-2010 National Union Primary Policy as the relevant underlying insurance.  Because the 2009-2010 National Union Primary Policy deletes offense "e. Oral or written publication, in any manner, of material that violates a person's right of privacy[]" from its definition of "personal and advertising injury," the same is also deleted from the 2009-2010 National Union Umbrella Policy.

## VII.    ISOP INSURANCE POLICIES

21.    ISOP issued four insurance policies to named insured EA.  CLC is neither an insured nor an additional insured under the ISOP policies.  The four ISOP Policies are as follows:

a.    Foreign Commercial General Liability Insurance Policy 80-0268283, with a policy period of 10/01/07 – 10/01/08 and a personal and advertising injury limit of $2,000,000 and $3,000,000 general aggregate[2] ("2007-2008 ISOP Policy").  A true and correct copy of the 2007-2008 ISOP Policy is attached hereto as Exhibit AA.

b.    Foreign Commercial General Liability Insurance Policy 80-0268845, with a policy period of 10/01/08 – 10/01/09 and a personal and advertising injury limit of $2,000,000 and $3,000,000 general aggregate ("2008-2009 ISOP Policy").  A true and correct copy of the 2008-2009 ISOP Policy is attached hereto as Exhibit BB.

c.    Foreign Commercial General Liability Insurance Policy 80-0269115, with a policy period of 10/01/09 – 10/01/10 and a personal and advertising injury limit of $2,000,000 and

---

[2] Each of the ISOP Policies participates in a Master Control Program, which provides that the total aggregate limit of each ISOP Policy and all **local underlying policies** is $6,000,000 for each policy year.  **Local underlying policy** "means a primary policy effective on or after the inception of [the ISOP Policy] which has been issued at [ISOP's] direction or coordinated by [ISOP] specifically for this insurance program".  Therefore, the term **local underlying policy** includes the National Union Primary Policies.  Thus, the combined aggregate limit of the National Union Primary Policies and the ISOP Policies for each policy year is $6,000,000.

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

1    $3,000,000 general aggregate ("2009-2010 ISOP Policy"). A true and correct copy of the 2009-2010

2    ISOP Policy is attached hereto as Exhibit CC.

3              d.       Foreign Commercial General Liability Insurance Policy 80-0270069, with a

4    policy period of 10/01/10 – 10/01/11 and a personal and advertising injury limit of $2,000,000 and

5    $3,000,000 general aggregate ("2010-2011 ISOP Policy"). A true and correct copy of the 2010-2011

6    ISOP Policy is attached hereto as Exhibit DD.

7         22.    The 2007-2008 and 2008-2009 ISOP Policies provide coverage under form 77882

8    (05/06). Relevant language is quoted below. The 2009-2010 and 2010-2011 ISOP Policies provide

9    identical coverage under form 77882 (08/08), except where noted below. The differences are

10   immaterial to this coverage dispute.

11   **SECTION I - COVERAGES**

12        * * *

13   **COVERAGE B          PERSONAL AND ADVERTISING INJURY LIABILITY**

14   1.    Insuring Agreement

15        a.    **We** will pay those sums that the insured becomes legally
              obligated to pay as damages because of **personal and**

16            **advertising injury** to which this insurance applies. **We** will
              have the right and duty to defend the insured against any **suit**

17            seeking those damages. However, **we** will have no duty to
              defend the insured against any **suit** seeking damages for

18            **personal and advertising injury** to which this insurance does
              not apply. **We** may, at **our** discretion, investigate any offense

19            and settle any claim or **suit** that may result. . . .

20                 * * *

21        b.    This insurance applies to **personal and advertising injury**
              caused by an offense arising out of **your** business, but only if the

22            offense was committed in the **coverage territory** during the
              policy period. Any claim or **suit** must be made or brought in the

23            **coverage territory** of the United States of America, its
              territories and possessions, Puerto Rico or Canada.

24

25   2.    Exclusions

     This insurance does not apply to:

26

27        a.    Knowing Violation Of Rights Of Another

28        **Personal and advertising injury** caused by or at the direction of the
          insured with the knowledge that the act would violate the rights of
          another and would inflict **personal and advertising injury**.

13

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

\* \* \*

c.       Material Published Prior to Policy Period

**Personal and advertising injury** arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

\* \* \*

i.       Infringement Of Copyright, Patent, Trademark or Trade Secret

**Personal and advertising injury** arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.[3]   However, this exclusion does not apply to infringement, in **your advertisement**, of copyright, trade dress or slogan.

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

15.     **Personal and advertising injury** means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

\* \* \*

e.       Oral or written publication, in any manner, of material that violates a person's right of privacy;

\* \* \*

23.     Endorsement 18 in the 2009-2010 ISOP Policy and Endorsement 17 in the 2010-2011 ISOP Policy modify the definition of **Personal and advertising injury** to delete offense "e. Oral or written publication, in any manner, of material that violates a person's right of privacy[.]"

## COUNT I

## DECLARATORY JUDGMENT

24.     National Union and ISOP hereby incorporate and re-allege the allegations in Paragraphs 1 - 23 of this Complaint as if fully set forth herein.

25.     There exists a genuine and bona fide dispute, and an actual controversy and disagreement among Plaintiffs National Union and ISOP and Defendants EA and CLC concerning

---

[3] The 2009-2010 and 2010-2011 ISOP Policies add the following language: "Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in **your advertisement**."

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

whether the National Union Primary and Umbrella Policies, and the ISOP Policies provide coverage for the Underlying Lawsuits. National Union and ISOP contend there is no duty to defend or indemnify EA and CLC against the lawsuits referenced herein. National Union and ISOP are informed and believe that EA and CLC contend to the contrary.

26.     Pursuant to 28 U.S.C. § 2201, National Union and ISOP in good faith request that the Court declare the following with respect to insurance coverage for the Underlying Lawsuits:

a.      That the allegations and causes of action in the Underlying Complaints do not allege "personal and advertising injury" under the National Union Primary Policies and the ISOP Policies because the Underlying Complaints do not allege "[o]ral or written publication, in any manner, of material that violates a person's right of privacy";

b.      That the allegations and causes of action in the Underlying Complaints do not allege **Personal Injury and Advertising Injury** under the National Union Umbrella Policies because the Underlying Complaints do not allege "[o]ral or written publication, in any manner, of material that violates a person's right of privacy";

c.      That the 2009-2010 National Union Primary Policy, the 2009-2010 National Union Umbrella Policy, and the 2009-2010 and 2010-2011 ISOP Policies provide no coverage for the Underlying Complaints because the policies delete "[o]ral or written publication, in any manner, of material that violates a person's right of privacy" as an offense under the definition of "personal and advertising injury";

d.      That there is no coverage for "personal and advertising injury" under the National Union Primary Policies and the ISOP Policies to the extent there was no "personal and advertising injury" committed during the respective policy periods;

e.      That there is no coverage for **Personal Injury and Advertising Injury** under the National Union Umbrella Policies to the extent there was no **Personal Injury and Advertising Injury** committed during any respective **Policy Period**;

f.      That there is no coverage for **Personal Injury and Advertising Injury** under the National Union Umbrella Policies to the extent there was no **Occurrence** committed during any respective **Policy Period**;

15

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

g.        That Exclusion 2.i. in the National Union Primary Policies and ISOP Policies bars coverage for the Underlying Lawsuits because any "personal and advertising injury" alleged in the Underlying Complaints "aris[es] out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights";

h.        That Exclusion V.L. in the National Union Umbrella Policies bars coverage for the Underlying Lawsuits because any **Personal Injury and Advertising Injury** alleged in the Underlying Complaints "aris[es] out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights";

i.        That Exclusion 2.a. in the National Union Primary Policies and the ISOP Policies bars coverage for any "[p]ersonal and advertising injury" alleged in the Underlying Complaints that was "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'";

j.        That Exclusion V.U.1. in the National Union Umbrella Policies bars coverage for any **Personal Injury and Advertising Injury** alleged in the Underlying Complaints that was "caused by or at the direction of the **Insured** with the knowledge that the act would violate the rights of another and would inflict **Personal Injury and Advertising Injury**";

k.        That Exclusion 2.c. in the National Union Primary Policies and ISOP Policies bars coverage for any "[p]ersonal and advertising injury" alleged in the Underlying Complaints "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period";

l.        That Exclusion V.U.3. in the National Union Umbrella Policies bars coverage for any **Personal Injury and Advertising Injury** alleged in the Underlying Complaints "arising out of oral, written or electronic publication, in any manner, of material whose first publication took place before the beginning of the **Policy Period**";

m.       That CLC does not qualify for insurance coverage under the National Union Primary and Umbrella Policies to the extent any portion of its defense and liability is not "liability for 'bodily injury', 'property damage' or 'personal and advertising injury' caused, in whole or in part, by [EA's] acts or omissions or the acts or omissions of those acting on [EA's] behalf . . . [i]n the

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

performance of [EA's] ongoing operations"; and

          n.     That CLC is not entitled to insurance coverage under the ISOP Policies because it does not qualify as an additional insured or named insured under the policies.

### COUNT II

### REIMBURSEMENT OF DEFENSE COSTS

27.     National Union and ISOP hereby incorporate and re-allege the allegations in Paragraphs 1 - 26 of this Complaint as if fully set forth herein.

28.     National Union and/or ISOP have accepted EA's and CLC's defenses in the Underlying Lawsuits, subject to a reservation of rights, including the right to seek reimbursement of defense costs for uncovered claims.

29.     Pursuant to California case law, National Union and ISOP request reimbursement of defense costs for all such costs paid to EA and CLC for their respective defenses in the Underlying Lawsuits.  In the alternative, National Union and ISOP request partial reimbursement of defense costs, which represents the portion of such costs that are not covered by the National Union Primary and/or Umbrella Policies and ISOP Policies but were paid to EA and CLC for their respective defenses in the Underlying Lawsuits.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs National Union Fire Insurance Company of Pittsburgh, Pa. and The Insurance Company of the State of Pennsylvania demand judgment against Defendants Electronic Arts, Inc., and The Collegiate Licensing Company, for the reasons set forth in Count I and Count II above, as follows:

(1)     Determining and declaring that the National Union Primary and Umbrella Policies and the ISOP policies do not provide coverage for EA and CLC for the causes of action in the Underlying Lawsuits;

(2)     Determining and declaring that National Union and ISOP have no duty to defend or pay defense costs to EA and CLC in connection with the Underlying Lawsuits;

(3)     Determining and declaring that National Union and ISOP have no duty to indemnify EA and CLC or pay any judgment or settlement entered in the Underlying Lawsuits;

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

1       (4)     Ordering the reimbursement of all defense costs paid by National Union and/or ISOP

2 to EA and CLC with respect to the Underlying Lawsuits; and

3       (5)     For such other and further relief this Court may deem just and proper.

4 Dated:  October 3, 2011                   SELVIN WRAITH HALMAN LLP

5

6                                       By: _____

7                                       Gary R. Selvin
                                      Attorneys for Plaintiff

8                                       National Union Fire Insurance Company of
                                      Pittsburgh, Pa. and The Insurance Company of
                                      the State of Pennsylvania

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all matters so triable.

Dated:   October 3, 2011                         SELVIN WRAITH HALMAN LLP

By: _____
Gary R. Selvin
Attorneys for Plaintiff
National Union Fire Insurance Company of
Pittsburgh, Pa. and The Insurance Company of
the State of Pennsylvania

97624.DOC

---

19

**Complaint for Declaratory Relief and Reimbursement of Costs; Demand for Jury Trial**