1    KILPATRICK TOWNSEND & STOCKTON LLP
     Brent W. Brougher, CA Bar No. 167791
2    1100 Peachtree Street, Suite 2800
     Atlanta, Georgia  30309
3    Telephone:  (404) 815-6500
     Facsimile:  (404) 815-6555
4    Email:  bbrougher@kilpatricktownsend.com

5    Attorneys for Defendant
     COLLEGIATE LICENSING COMPANY
6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11   NATIONAL UNION FIRE INSURANCE          Case No. C11-04897-JW
     COMPANY OF PITTSBURGH, P.A., and
12   THE INSURANCE COMPANY OF THE           Case Assigned to:  Hon. James Ware
     STATE OF PENNSYLVANIA,
13                                          DEFENDANT COLLEGIATE
                   Plaintiffs,              LICENSING COMPANY'S ANSWER
14                                          TO COMPLAINT AND
     v.                                     COUNTERCLAIMS AGAINST
15                                          PLAINTIFF NATIONAL UNION
     ELECTRONIC ARTS, INC. and              INSURANCE COMPANY OF
16   COLLEGIATE LICENSING COMPANY,          PITTSBURGH, PA.

17                 Defendants.              DEMAND FOR JURY TRIAL

18

19          Defendant/Counterclaimant Collegiate Licensing Company ("CLC"), hereby files its

20   Answer to the Complaint for Declaratory Relief and Reimbursement of Defense Costs (the

21   "Complaint") and Counterclaims against Plaintiff National Union Fire Insurance Company of

22   Pittsburgh, PA ("National Union") as follows:

23                               FIRST DEFENSE

24          Both Counts in National Union's Complaint fail to state a cause of action upon which

25   relief may be granted.  National Union has a duty to defend and indemnify CLC in connection

26

27

28
     Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
     Plaintiff National Union Fire Insurance Company                                    - 1 -
     CASE NO. C11-04897-JW
     US2008 3042476

with the Underlying Lawsuits,[1] and National Union is not entitled to reimbursement for defense costs previously paid to CLC for its defense in the Underlying Lawsuits.

**SECOND DEFENSE**

There is no "case of actual controversy" jurisdiction under 28 U.S.C. § 2201 with respect to Counts I and II of National Union's Complaint, to the extent National Union seeks to withdraw from its duty to defend CLC in the Underlying Lawsuits, and seeks reimbursement for any costs that it has paid CLC. Among other things, National Union is precluded from attempting to withdraw from its duty to defend and seek reimbursement where, *inter alia*, National Union agreed to defend CLC under a reservation of rights, National Union has participated in CLC's defense, the Underlying Lawsuits remain pending, and nothing that has occurred in the Underlying Lawsuits justifies National Union's purported attempt to withdraw its defense.

---

[1] CLC has been named as a defendant in the following lawsuits in the Northern District of California: (1) *Keller, et al. v. Electronic Arts, Inc., National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-1967 ("*Keller*"); (2) *O'Bannon, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-3329 ("*O'Bannon*"); (3) *Bishop, et al. v. Electronic Arts, Inc., et al., National Collegiate Licensing Association and Collegiate Licensing Company*, Case No. CV09-4128 ("*Bishop*"); (4) *Newsome, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-4882 ("*Newsome*"); (5) *Wimprine, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-5134-BZ ("*Wimprine*"); (6) *Anderson, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-5100-BZ ("*Anderson*"); (7) *Jacobson, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV-09-5372 ("*Jacobson*"); (8) *Rhodes, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV-09-5378 ("*Rhodes*"); (9) *Thrower, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. 3:10-cv-00632-VRW ("*Thrower*"); (10) *Maze, et al. v. National Collegiate Athletic Association, Collegiate Licensing Company, Electronic Arts, Inc., et al.*, Case No. 3:10-cv-5569-MEJ ("*Maze*"); (11) *Robertson, et al. v. National Collegiate Athletic Association, Collegiate Licensing Company and Electronic Arts*, Case No. 3:10-cv-00632-VRW ("*Robertson*"); and (12) *William F. Russell v. National Collegiate Athletic Association, Collegiate Licensing Company and Electronic Arts, Inc.*, Case No. C11-04938 ("*Russell*"). *See* Exs. B-J & L-M to Complaint. On or about January 15, 2010, *Keller*, *O'Bannon*, *Bishop*, *Newsome*, *Wimprine*, *Anderson*, *Jacobson* and *Rhodes* were consolidated into the lawsuit styled *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, Case No. 09-1967-CW ("*In re NCAA*"). *See* Ex. A to Complaint. Additionally, CLC was named as a defendant in a lawsuit styled *Nuckles, Lawson, et al. v. National Collegiate Athletic Association, Inc. and Collegiate Licensing Company*, Case No. 27864 ("*Nuckles*") the Circuit Court for Washington County, Tennessee; *Nuckles* was subsequently removed to the District Court for the Eastern District of Tennessee, Case No. CV09-235, and dismissed on January 29, 2010. *See* Ex. R to Complaint. *In re NCAA*, *Nuckles*, *Thrower*, *Robertson* and *Russell* lawsuits are collectively referenced herein as the "Underlying Lawsuits."

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                         - 2 -
CASE NO. C11-04897-JW

US2008 3042476

### THIRD DEFENSE

With respect to Count I of National Union's Complaint, there is no "case of actual controversy" jurisdiction under 28 U.S.C. § 2201 in connection with National Union's claim that it has no duty to indemnify CLC. Among other things, National Union's claim for declaratory relief with respect to its duty to indemnify is not ripe, because the Underlying Lawsuits are still pending, no judgment or settlement has occurred, and no liability has been imposed on CLC.

### FOURTH DEFENSE

National Union's claims are barred in whole or in part by the doctrine of waiver. Among other things, National Union unreasonably delayed in providing its coverage positions to CLC, including National Union's purported attempt to reserve a right to seek reimbursement, after CLC promptly tendered the Underlying Lawsuits to National Union. In addition, to the extent National Union in this lawsuit seeks to rely on exclusions or other policy terms that purport to restrict or limit coverage that National Union failed to timely identify, National Union has waived its ability to so rely on those provisions. Further, National Union has waived its right to assert the claims in this lawsuit based on circumstances where, *inter alia*, National Union agreed to defend CLC under a reservation of rights, CLC objected to National Union's coverage positions, and National Union nevertheless participated in and has partially funded CLC's defense.

### FIFTH DEFENSE

National Union's claims are barred in whole or in part by the doctrine of estoppel. Among other things, National Union unreasonably delayed in providing its coverage positions to CLC, including National Union's purported attempt to reserve a right to seek reimbursement, after CLC promptly tendered the Underlying Lawsuits to National Union. In addition, to the extent National Union in this lawsuit seeks to rely on exclusions or other policy terms that purport to restrict or limit coverage that National Union failed to timely identify, National Union is estopped from so doing by its failure to so raise them. Further, National Union is estopped from asserting the claims in this lawsuit based on circumstances where, *inter alia*, National Union agreed to defend CLC under a reservation of rights, CLC objected to National Union's coverage

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                    - 3 -
CASE NO. C11-04897-JW

US2008 3042476

positions, National Union nevertheless participated in and has partially funded CLC's defense, and CLC has reasonably relied on that defense.

## SIXTH DEFENSE

National Union's claims are barred in whole or in part by the doctrine of laches. Among other things, National Union unreasonably delayed in providing its coverage positions to CLC after CLC tendered the Underlying Lawsuits to National Union, including National Union's purported attempt to reserve a right to seek reimbursement. In addition, to the extent National Union in this lawsuit seeks to rely on exclusions or other policy terms that purport to restrict or limit coverage that National Union failed to timely identify, National Union is barred from doing so. Further, laches bars National Union from asserting the claims in this lawsuit based on circumstances where, *inter alia*, National Union agreed to defend CLC under a reservation of rights, CLC objected to National Union's coverage positions, National Union nevertheless participated in and has partially funded CLC's defense, and CLC has reasonably relied on that defense.

## SEVENTH DEFENSE

National Union's claims for relief are barred in whole or in part by the doctrine of unclean hands. As a result of the conduct, including among other things the conduct described herein and its delays and failures to pay CLC's defense costs incurred in connection with the Underlying Lawsuits, National Union is barred from seeking to withdraw its defense and seeking to obtain reimbursement of any defense costs paid to CLC in connection with the Underlying Actions.

## EIGHTH DEFENSE

National Union's claims for relief are barred in whole or in part by its breach of some or all of the applicable policy terms.

## NINTH DEFENSE

National Union's claims are barred in whole or in part because National Union would be unjustly enriched if it was permitted to withdraw from its defense of CLC and obtain reimbursement of defense costs paid to CLC in connection with the Underlying Lawsuits.

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                    - 4 -
CASE NO. C11-04897-JW

US2008 3042476

1

**TENTH DEFENSE**

2     With respect to Count II of National Union's Complaint, National Union failed to

3 adequately reserve any purported right to seek reimbursement of defense costs paid to CLC for

4 uncovered claims.  Thus, National Union has no right to seek or obtain reimbursement of any

5 defense costs paid to CLC in connection with the Underlying Actions.

6

**ELEVENTH DEFENSE**

7     National Union's complaint should be stayed pending resolution of the Underlying

8 Lawsuits, under *Montrose Chemical Corporation of California v. Superior Court*, 861 P.2d

9 1153 (Cal. 1993) and *Allstate Insurance Company v. Harris*, 445 F.Supp. 847 (N.D. Cal. 1978),

10 and related authorities, because CLC will face an undue burden or otherwise will be prejudiced

11 by the concurrent prosecution of National Union's Lawsuit and the Underlying Lawsuits.

12

13

**CLC'S ANSWER**

14

**I.      NATURE OF ACTION**

15     1.     CLC admits that National Union purports to file this action as a declaratory

16 judgment action pursuant to 28 U.S.C. §§ 2201 and 2202, but denies that National Union is

17 entitled to the declaratory judgment it seeks, and denies that any "case of actual controversy"

18 exists between CLC and National Union or Plaintiff The Insurance Company of the State of

19 Pennsylvania ("ISOP").  CLC denies all allegations in paragraph 1 of the Complaint relating to

20 ISOP and/or Defendant Electronic Arts, Inc. ("EA") because CLC is without knowledge or

21 information sufficient to form a belief as to the truth of those allegations.  CLC denies all

22 remaining allegations in paragraph 1 of the Complaint.

23

**II.     PARTIES**

24     2.     CLC admits the allegations in paragraph 2 of the Complaint.

25     3.     CLC is without knowledge or information sufficient to form a belief as to the truth

26 of the allegations in paragraph 3 of the Complaint, and therefore denies them.

27

28

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company          - 5 -
CASE NO. C11-04897-JW

US2008 3042476

4.      CLC admits that EA is a named insured under the National Union policies described below, and that EA does business in Redwood City, California.  CLC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint, and therefore denies them.

5.      CLC admits the allegations contained in the first two sentences of paragraph 5 of the Complaint.  CLC further admits that this Court has personal jurisdiction over CLC based on is activities in this District.  Except as so admitted, CLC denies the remaining allegations in paragraph 5 of the Complaint.

### III.      JURISDICTION AND VENUE

6.      CLC admits that National Union purports to file this action as a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57, but denies that National Union is entitled to the declaratory judgment it seeks and denies that an actual, justiciable controversy exists between CLC and National Union.  CLC denies all allegations in paragraph 6 of the Complaint relating to ISOP because CLC is without knowledge or information sufficient to form a belief as to the truth of those allegations.

7.      CLC denies that an actual, justiciable controversy exists between National Union and CLC within the meaning of 28 U.S.C. §§ 2201.  CLC denies all allegations in paragraph 7 of the Complaint relating to ISOP and/or EA because CLC is without knowledge or information sufficient to form a belief as to the truth of those allegations.

8.      CLC admits that this Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), over the claims by National Union against CLC and EA, because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the claims are between citizens of different states.  CLC denies all allegations in paragraph 8 of the Complaint relating to ISOP because CLC is without knowledge or information sufficient to form a belief as to the truth of those allegations.

9.      CLC admits the allegations in paragraph 9 of the Complaint.

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                              - 6 -
CASE NO. C11-04897-JW

US2008 3042476

## IV.    INTRADISTRICT ASSIGNMENT

10.    Given that the suit has been assigned to a different Division, no response by CLC to this paragraph is necessary or appropriate.

## V.    THE UNDERLYING LAWSUITS

11.    CLC avers that the complaints in the Underlying Lawsuits speak for themselves, and on that basis denies the allegations in paragraph 11 of the Complaint.

12.    CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13.    CLC avers that the complaints in the Underlying Lawsuits speak for themselves, and on that basis denies the allegations in paragraph 13 of the Complaint.

14.    CLC admits that it has tendered the Underlying Lawsuits to National Union, seeking a defense and indemnity.  CLC admits that National Union agreed to defend CLC in the Underlying Actions pursuant to a purported reservation of rights, but that National Union has improperly attempted to impose conditions and limitations on CLC's defense, has unduly delayed providing its coverage determinations to CLC, and has delayed and failed to pay CLC's defense costs incurred in connection with the Underlying Lawsuits, among other things.  CLC denies all allegations in paragraph 14 of the Complaint relating to ISOP and EA because CLC is without knowledge or information sufficient to form a belief as to the truth of those allegations.  CLC denies all remaining allegations in paragraph 14 of the Complaint.

15.    CLC admits that, as set forth in footnote 1, *supra*, some of the Underlying Lawsuits have been dismissed or consolidated.  CLC admits that National Union seeks a declaration regarding its insurance coverage obligations with respect to the Underlying Lawsuits, but denies that National Union is entitled to the declaratory judgment it seeks and denies that an actual controversy exists between CLC and National Union.  CLC denies all allegations in paragraph 15 of the Complaint relating to ISOP or relating to lawsuits to which CLC is not a party, because CLC lacks sufficient information to form a belief as to the truth of those allegations.  CLC denies all remaining allegations in paragraph 15 of the Complaint.

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                             - 7 -
CASE NO. C11-04897-JW

US2008 3042476

a.      CLC admits that on or about January 15, 2010, the *Keller*, *O'Bannon*, *Bishop*, *Newsome*, *Wimprine*, *Anderson*, *Jacobson* and *Rhodes* lawsuits were consolidated into the lawsuit styled *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, Case No. 09-1967-CW, in the United States District Court for the Northern District of California ("*In re NCAA*").  CLC admits that the *In re NCAA* Second Consolidated Amended Class Action Complaint was filed on May 16, 2011, and that the Second Consolidated Amended Class Action Complaint attached as Exhibit A to the Complaint is a true and correct copy of that document. CLC admits that the Second Consolidated Amended Class Action Complaint names both EA and CLC as defendants.  With respect to the remaining allegations in paragraph 15.a of the Complaint, CLC avers that the Complaints in the *In re NCAA* lawsuit speak for themselves, and on that basis denies the allegations.

b.      CLC admits that on or about May 5, 2009, Samuel Keller filed a complaint styled *Keller, et al. v. Electronic Arts, Inc., National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-1967 ("*Keller*"), in the United States District Court for the Northern District of California.  CLC admits that the *Keller* Complaint names both EA and CLC as defendants.  CLC admits that *Keller* was consolidated with other lawsuits and is now part of the consolidated *In re NCAA* lawsuit.  CLC admits that the *Keller* Complaint attached as Exhibit B to the Complaint is a true and correct copy of that document.

c.      CLC admits that on or about July 21, 2009, Edward O'Bannon filed a complaint styled *O'Bannon, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-3329 ("*O'Bannon*"), in the United States District Court for the Northern District of California.  CLC admits that the *O'Bannon* Complaint names CLC, but not EA, as a defendant.  CLC admits that *O'Bannon* was consolidated with other lawsuits and is now part of the consolidated *In re NCAA* lawsuit.  CLC admits that the *O'Bannon* Complaint attached as Exhibit C to the Complaint is a true and correct copy of that document.

d.      CLC admits that on or about September 4, 2009, Bryon Bishop filed a complaint styled *Bishop, et al. v. Electronic Arts, Inc., et al., National Collegiate Licensing*

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                    - 8 -
CASE NO. C11-04897-JW

US2008 3042476

1    *Association and Collegiate Licensing Company*, Case No. CV09-4128 ("*Bishop*"), in the United

2    States District Court for the Northern District of California.  CLC admits that the *Bishop*

3    Complaint names both EA and CLC as defendants.  CLC admits that *Bishop* was consolidated

4    with other lawsuits and is now part of the consolidated *In re NCAA* lawsuit.  CLC admits that the

5    *Bishop* Complaint attached as Exhibit D to the Complaint is a true and correct copy of that

6    document.

7          e.     CLC admits that on or about October 14, 2009, Craig Newsome filed a

8    complaint styled *Newsome, et al. v. National Collegiate Athletic Association and Collegiate*

9    *Licensing Company*, Case No. CV09-4882 ("*Newsome*"), in the United States District Court for

10   the Northern District of California.  CLC admits that the *Newsome* Complaint names CLC, but

11   not EA, as a defendant.  CLC admits that *Newsome* was consolidated with other lawsuits and is

12   now part of the consolidated *In re NCAA* lawsuit.  CLC admits that the *Newsome* Complaint

13   attached as Exhibit E to the Complaint is a true and correct copy of that document.

14         f.     CLC admits that on or about October 27, 2009, Michael Anderson filed a

15   complaint styled *Anderson, et al. v. National Collegiate Athletic Association and Collegiate*

16   *Licensing Company*, Case No. CV09-5100-BZ ("*Anderson*"), in the United States District Court

17   for the Northern District of California.  CLC admits that the *Anderson* Complaint names CLC, but

18   not EA, as a defendant.  CLC admits that *Anderson* was consolidated with other lawsuits and is

19   now part of the consolidated *In re NCAA* lawsuit.  CLC admits that the *Anderson* Complaint

20   attached as Exhibit F to the Complaint is a true and correct copy of that document.

21         g.     CLC admits that on or about October 29, 2009, Danny Wimprine filed a

22   complaint styled *Wimprine, et al. v. National Collegiate Athletic Association and Collegiate*

23   *Licensing Company*, Case No. CV09-5134-BZ ("*Wimprine*"), in the United States District Court

24   for the Northern District of California.  CLC admits that the *Wimprine* Complaint names CLC,

25   but not EA, as a defendant.  CLC admits that *Wimprine* was consolidated with other lawsuits and

26   is now part of the consolidated *In re NCAA* lawsuit.  CLC admits that the *Wimprine* Complaint

27   attached as Exhibit G to the Complaint is a true and correct copy of that document.

28

h.      CLC admits that on or about November 13, 2009, Samuel Jacobson filed a complaint styled *Jacobson, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV-09-5372 ("*Jacobson*"), in the United States District Court for the Northern District of California.  CLC admits that the *Jacobson* Complaint names CLC, but not EA, as a defendant.  CLC admits that *Jacobson* was consolidated with other lawsuits and is now part of the consolidated *In re NCAA* lawsuit.  CLC admits that the *Jacobson* Complaint attached as Exhibit H to the Complaint is a true and correct copy of that document.

i.      CLC admits that on or about November 13, 2009, Damien Rhodes filed a complaint styled *Rhodes, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV-09-5378 ("*Rhodes*"), in the United States District Court for the Northern District of California.  CLC admits that the *Rhodes* Complaint names CLC, but not EA, as a defendant.  CLC admits that *Rhodes* was consolidated with other lawsuits and is now part of the consolidated *In re NCAA* lawsuit.  CLC admits that the *Rhodes* Complaint attached as Exhibit I to the Complaint is a true and correct copy of that document.

j.      CLC admits that on or about February 12, 2010, Ishmael Thrower filed a complaint styled *Thrower, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. 3:10-cv-00632-VRW ("*Thrower*"), in the United States District Court for the Northern District of California.  CLC admits that the *Thrower* Complaint names CLC, but not EA, as a defendant.  CLC admits that the *Thrower* Complaint attached as Exhibit J to the Complaint is a true and correct copy of that document.

k.      CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.k of the Complaint, and therefore denies them.

l.      CLC admits that on or about December 8, 2010, Bobby Maze and Jordan Dixon filed a complaint styled *Maze, et al. v.  National Collegiate Athletic Association, Collegiate Licensing Company, Electronic Arts, Inc., et al.*, Case No. 3:10-cv-5569-MEJ ("*Maze*"), in the United States District Court for the Northern District of California.  CLC admits that the *Maze* Complaint names CLC and EA as defendants.  CLC admits that the *Maze*

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                                                - 10 -
CASE NO. C11-04897-JW

US2008 3042476

Complaint attached as Exhibit L to the Complaint is a true and correct copy of that document.

m.      CLC admits that on or about January 26, 2011, Oscar Robertson, Tate George and Ray Ellis filed a complaint styled *Robertson, et al. v. National Collegiate Athletic Association, Collegiate Licensing Company and Electronic Arts*, Case No. 3:10-cv-00632-VRW ("*Robertson*"), in the United States District Court for the Northern District of California.  CLC admits that the *Robertson* Complaint names both CLC and EA as defendants.  CLC admits that the *Robertson* Complaint attached as Exhibit M to the Complaint is a true and correct copy of that document.

n.      CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.n of the Complaint, and therefore denies them.

o.      CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.o of the Complaint, and therefore denies them.

p.      CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.p of the Complaint, and therefore denies them.

q.      CLC admits that on or about September 15, 2009, Brad Nuckles and Ryan Lawson filed a complaint styled *Nuckles, Lawson, et al. v. National Collegiate Athletic Association, Inc. and Collegiate Licensing Company*, Case No. 27864 ("*Nuckles*"), in the Circuit Court for Washington County, Tennessee.  CLC admits that the case was subsequently removed to the United States District Court for the Eastern District of Tennessee, USDC Case No. CV09-235.  CLC admits that the *Nuckles* Complaint names CLC, but not EA, as a defendant.  CLC admits that the *Nuckles* Complaint attached as Exhibit R to the Complaint is a true and correct copy of that document.

r.      CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.r of the Complaint, and therefore denies them.

## VI.    NATIONAL UNION INSURANCE POLICIES

16.    CLC admits that National Union issued insurance policies to EA, and that CLC qualifies as an "additional insured" under those policies.  CLC denies the remaining allegations in

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                   - 11 -
CASE NO. C11-04897-JW

US2008 3042476

1  paragraph 16 of the Complaint because the quoted portion of the policies is incomplete.  CLC

2  further states that each policy, when read as a whole, speaks for itself and provides the best

3  evidence of its contents.

4         a.     CLC admits that National Union issued Commercial General Liability

5  Policy No. GL 159-55-87, with a policy period of 10/01/07 to 10/01/08 and a $2 million

6  "Personal and Advertising Injury Limit" and a $3 million "General Aggregate Limit" (the "2007-

7  2008 National Union Primary Policy"), and that CLC is an "Additional Insured" under the 2007-

8  2008 National Union Primary Policy.  CLC is without knowledge or information sufficient to

9  form a belief as to whether the document attached as Exhibit U to the Complaint is a true and

10  correct copy of the 2007-2008 National Union Primary Policy, and therefore denies same.

11         b.     CLC admits that National Union issued Commercial General Liability

12  Policy No. GL 187-20-18, with a policy period of 10/01/08 to 10/01/09 and a $2 million

13  "Personal and Advertising Injury Limit" and a $3 million "General Aggregate Limit" (the "2008-

14  2009 National Union Primary Policy"), and that CLC is an "Additional Insured" under the 2008-

15  2009 National Union Primary Policy.  CLC is without knowledge or information sufficient to

16  form a belief as to whether the document attached as Exhibit V to the Complaint is a true and

17  correct copy of the 2008-2009 National Union Primary Policy, and therefore denies same.

18         c.     CLC admits that National Union issued Commercial General Liability

19  Policy No. GL 650-63-95, with a policy period of 10/01/09 to 10/01/10 and a $2 million

20  "Personal and Advertising Injury Limit" and a $3 million "General Aggregate Limit" (the "2009-

21  2010 National Union Primary Policy"), and that CLC is an "Additional Insured" under the 2009-

22  2010 National Union Primary Policy.  CLC is without knowledge or information sufficient to

23  form a belief as to whether the document attached as Exhibit W to the Complaint is a true and

24  correct copy of the 2009-2010 National Union Primary Policy, and therefore denies same.  The

25  2007-2008 National Union Primary Policy, the 2008-2009 National Union Primary Policy and the

26  2009-2010 National Union Primary Policy are collectively referred to herein as the "National

27  Union Primary Policies."

28

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                        - 12 -
CASE NO. C11-04897-JW

US2008 3042476

d.      CLC admits that National Union issued Commercial Umbrella Liability Policy No. 9835261, with a policy period of 10/01/07 to 10/01/08 and $25 million "Each Occurrence" and $25 million "General Aggregate" Limits of Insurance (the "2007-2008 National Union Umbrella Policy").  CLC admits that it is an "Insured" under the 2007-2008 National Union Umbrella Policy.  CLC lacks sufficient information to form a belief as to whether the document attached as Exhibit X to the Complaint is a true and correct copy of the 2007-2008 National Union Umbrella Policy, and denies same on that basis.

e.      CLC admits that National Union issued Commercial Umbrella Liability Policy No. 2226972, with a policy period of 10/01/08 to 10/01/09 and $25 million "Each Occurrence" and $25 million "General Aggregate" Limits of Insurance (the "2008-2009 National Union Umbrella Policy").  CLC admits that it is an "Insured" under the 2008-2009 National Union Umbrella Policy.  CLC lacks sufficient information and knowledge to know whether the document attached as Exhibit Y to the Complaint is a true and correct copy of the 2008-2009 National Union Umbrella Policy, and denies same on that basis.

f.      CLC admits that National Union issued Commercial Umbrella Liability Policy No. 27471486, with a policy period of 10/01/09 to 10/01/10 and $25 million "Each Occurrence" and $25 million "General Aggregate" Limits of Insurance (the "2009-2010 National Union Umbrella Policy").  CLC admits that it is an "Insured" under the 2009-2010 National Union Umbrella Policy.  CLC lacks sufficient information and knowledge to form a belief as to whether the document attached as Exhibit Z to the Complaint is a true and correct copy of the 2009-2010 National Union Umbrella Policy, and denies paragraph same on that basis.  The 2007-2008 National Union Umbrella Policy, the 2008-2009 National Union Umbrella Policy and the 2009-2010 National Union Umbrella Policy are collectively referred to herein as the "National Union Primary Policies."

17.     CLC admits that the 2007-2008 National Union Primary Policy provides coverage under form CG 00 01 12 04, and that the 2008-2009 National Union Primary Policy contains substantially similar terms under form CG 00 01 12 07.  CLC lacks sufficient information and

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                              - 13 -
CASE NO. C11-04897-JW

US2008 3042476

knowledge to form a belief as to the terms of the 2009-2010 National Union Primary Policy, and therefore denies on that basis all allegations in paragraph 17 of the Complaint relating to the terms of the 2009-2010 National Union Primary Policy.  CLC admits that the 2007-2008 National Union Primary Policy and the 2008-2009 National Union Primary Policy contain the provisions quoted in paragraph 17 of National Union's Complaint, but denies paragraph 17 as stated because the quoted provisions are incomplete.  CLC also denies any characterizations, inferences and/or allegations contained in paragraph 17 that go beyond the face of the National Union Primary Policies.  CLC further states that the National Union Primary Policies, when read in their entirety, speak for themselves and provide the best evidence of their contents.

18.   CLC lacks sufficient information and knowledge to form a belief as to the terms of the 2009-2010 National Union Primary Policy, and therefore denies all allegations in paragraph 18 of the Complaint on that basis.  CLC further states that the 2009-2010 National Union Primary Policy, when read as a whole, speaks for itself and provides the best evidence of its contents.

19.   CLC lacks sufficient information and knowledge to form a belief as to the terms of the National Union Umbrella Policies, and therefore denies all allegations in paragraph 19 of the Complaint on that basis.  CLC further states that the National Union Umbrella Policies, when read in their entirety, speak for themselves and provide the best evidence of their contents.

20.   CLC lacks sufficient information and knowledge to form a belief as to the terms of the 2009-2010 National Union Umbrella Policy, and therefore denies all allegations in paragraph 19 of the Complaint on that basis.  CLC further states that the 2009-2010 National Union Umbrella Policy, when read in its entirety, speaks for itself and provides the best evidence of its contents.

**VII.   ISOP INSURANCE POLICIES**

21.   CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies them.

a.   CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.a of the Complaint, and therefore denies them.

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                                                   - 14 -
CASE NO. C11-04897-JW

US2008 3042476

b.      CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.b of the Complaint, and therefore denies them.

c.      CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.c of the Complaint, and therefore denies them.

d.      CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.d of the Complaint, and therefore denies them.

22.     CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies them.

23.     CLC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies them.

**COUNT I**

**DECLARATORY JUDGMENT**

24.     CLC adopts by reference, as if set forth fully herein, its responses to paragraphs 1 through 23 of the Complaint.

25.     CLC admits that by its lawsuit, National Union contends it has no duty to defend or indemnify CLC in connection with the Underlying Lawsuit, and that CLC contends National Union owes such a duty.  Except as so admitted, CLC denies the remaining allegations in paragraph 25 of the Complaint.

26.     CLC admits that National Union seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, but denies paragraph 26 on the grounds that National Union is not entitled to the declarations it seeks.

**COUNT II**

**REIMBURSEMENT OF DEFENSE COSTS**

27.     CLC adopts by reference, as if set forth fully herein, its responses to paragraphs 1 through 26 of the Complaint.

28.     CLC admits that National Union agreed to defend CLC in the Underlying Actions, subject to a purported reservation of rights.  CLC denies all allegations in paragraph 28 of the

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                          - 15 -
CASE NO. C11-04897-JW

US2008 3042476

Complaint relating to ISOP and/or EA because CLC is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Except as so admitted, National Union denies the allegations in paragraph 28 of the Complaint.

29.     CLC denies paragraph 29 of the Complaint on the grounds that National Union is not entitled to reimbursement, in whole or in part.  CLC further denies all allegations in paragraph 29 of the Complaint relating to ISOP and/or EA because CLC is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Except as so admitted, National Union denies the allegations in paragraph 29 of the Complaint.

30.     Any allegation of the Complaint not expressly admitted hereinabove is hereby denied.

## CLC'S COUNTERCLAIMS

Having fully answered the Complaint, Defendant and Counterclaimant CLC asserts its Counterclaims against National Union as follows:

1.     As set forth in its Answer, CLC asserts that National Union's claims do not establish the necessary prerequisites for issuance of declaratory relief, as "actual controversy" jurisdiction is not present.  However, if the Court determines that it is appropriate to proceed with National Union's claims, then while preserving and without waiving its rights, CLC submits that it is entitled to the declaratory relief sought herein.

## PARTIES, JURISDICTION AND VENUE

2.     CLC is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia.

3.     National Union is a Pennsylvania corporation and, on information and belief, National Union has its principal place of business in New York.

4.     The Court has jurisdiction over CLC's Counterclaims pursuant to 28 U.S.C. § 2201 and 2202, and pursuant to 28 U.S.C. § 1332 because there is complete diversity of

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                             - 16 -
CASE NO. C11-04897-JW

US2008 3042476

citizenship between CLC and National Union, who are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      National Union, having filed the Complaint in this Court, is subject to this Court's personal jurisdiction.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE NATIONAL UNION POLICIES

7.      National Union issued to EA primary Commercial General Liability policy number GL 159-55-87, with a policy period of October 10, 2007 to October 10, 2008 (the "2007-2008 National Union Primary Policy").  (*See* Complaint, Ex. U).  This policy renewed on substantially similar terms, as policy number GL 187-20-18 with a policy period of October 10, 2008 to October 10, 2009 (the "2008-2009 National Union Primary Policy").  (*See* Complaint, Ex. V).  These National Union policies are collectively referenced herein as the "National Union Primary Policies."  Pursuant to endorsements, CLC is an additional insured under each of the National Union Primary Policies.  The National Union Primary Policies each have a $2 million "Personal and Advertising Injury Limit" and a $3 million "General Aggregate Limit."

8.      The "Insuring Agreement" for "Coverage B Personal and Advertising Injury Liability" in each of the National Union Primary Policies provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages….

National Union Primary Policies, Coverage B Insuring Agreement § 1.a.

9.      The National Union Primary Policies each define "personal and advertising injury" as:

> [I]njury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a.      False arrest, detention or imprisonment;
>
> b.      Malicious prosecution;

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                                    - 17 -
CASE NO. C11-04897-JW

US2008 3042476

c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.     The use of another's advertising idea in your "advertisement"; or

g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

National Union Primary Policies, Definitions § V.14.

10.     The National Union Primary Policies are "occurrence-based" policies, meaning that they generally are triggered based on when the circumstances giving rise to underlying actions (for example, the alleged "offense(s)") took place.

11.     National Union also issued to EA Commercial Umbrella Liability Policy No. 2226972, with a policy period of October 10, 2007 to October 10, 2008 (the "2007-2008 National Union Umbrella Policy").  (*See* Complaint, Ex. X).  Upon information and belief, this policy renewed on substantially similar terms, as policy number 9835261 with a policy period of October 10, 2008 to October 10, 2009 (the "2008-2009 National Union Umbrella Policy").  (*See* Complaint, Ex. Y).  These National Union policies are collectively referenced herein as the "National Union Umbrella Policies."  The National Union Umbrella Policies have $25 million "Each Occurrence" and $25 million "General Aggregate" Limits of Insurance.

12.     The National Union Umbrella Policies are "umbrella" policies that, in certain circumstances provide primary coverage, but in other circumstances provide coverage that is excess of the National Union Primary Policies.  The National Union Primary Policies and National Union Umbrella Policies are collectively referred to herein as the "National Union Policies."

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                    - 18 -
CASE NO. C11-04897-JW

US2008 3042476

**THE UNDERLYING ACTIONS**

13.     On or about May 5, 2009, Samuel Keller filed a complaint styled *Keller, et al. v. Electronic Arts, Inc., National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-1967 ("*Keller*"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. B).

14.     On or about July 21, 2009, Edward O'Bannon filed a complaint styled *O'Bannon, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-3329 ("*O'Bannon*"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. C).

15.     On or about September 4, 2009, Bryon Bishop filed a complaint styled *Bishop, et al. v. Electronic Arts, Inc., et al., National Collegiate Licensing Association and Collegiate Licensing Company*, Case No. CV09-4128 ("Bishop"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. D).

16.     On or about September 15, 2009, Brad Nuckles and Ryan Lawson filed a complaint styled *Nuckles, Lawson, et al. v. National Collegiate Athletic Association, Inc. and Collegiate Licensing Company*, Case No. 27864 ("*Nuckles*"), in the Circuit Court for Washington County, Tennessee.  The case was subsequently removed to removed to the District Court for the Eastern District of Tennessee, USDC Case No. CV09-235.  (*See* Complaint, Ex. R).  On or about January 29, 2010, the *Nuckles* plaintiffs dismissed their lawsuit.

17.     On or about October 14, 2009, Craig Newsome filed a complaint styled *Newsome, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-4882 ("*Newsome*"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. E).

18.     On or about October 29, 2009, Danny Wimprine filed a complaint styled *Wimprine, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-5134-BZ ("*Wimprine*"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. G).

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                        - 19 -
CASE NO. C11-04897-JW

US2008 3042476

19.     On or about October 27, 2009, Michael Anderson filed a complaint styled *Anderson, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV09-5100-BZ ("*Anderson*"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. F).

20.     On or about November 13, 2009, Samuel Jacobson filed a complaint styled *Jacobson, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV-09-5372 ("*Jacobson*"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. H).

21.     On or about November 13, 2009, Damien Rhodes filed a complaint styled *Rhodes, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. CV-09-5378 ("*Rhodes*"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. I).

22.     On or about January 15, 2010, *Keller, O'Bannon, Bishop, Newsome, Wimprine, Anderson, Jacobson* and *Rhodes* were consolidated into the lawsuit styled In re NCAA Student-Athlete Name & Likeness Licensing Litigation, Case No. 09-1976-CW ("*In re NCAA*"), in the United States District Court for the Northern District of California.

23.     The *In re NCAA* plaintiffs filed a Consolidated Amended Class Action Complaint on March 10, 2010.  Subsequently, on May 16, 2011, the *In re NCAA* plaintiffs filed a Second Consolidated Amended Class Action Complaint.  (*See* Complaint, Ex. A).

24.     On or about February 12, 2010, Ishmael Thrower filed a complaint styled *Thrower, et al. v. National Collegiate Athletic Association and Collegiate Licensing Company*, Case No. 3:10-cv-00632-VRW ("*Thrower*"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. J).

25.     On or about January 26, 2011, Oscar Robertson, Tate George and Ray Ellis filed a complaint styled *Robertson*, *et al. v. National Collegiate Athletic Association, Collegiate Licensing Company and Electronic Arts*, Case No. 3:10-cv-00632-VRW ("*Robertson*"), in the United States District Court for the Northern District of California.  (*See* Complaint, Ex. M).

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company
CASE NO. C11-04897-JW                                                                                   - 20 -

US2008 3042476

26.     On or about October 5, 2011, William F. Russell filed a complaint styled *William F. Russell v. National Collegiate Athletic Association, Collegiate Licensing Company and Electronic Arts, Inc.,* Case No. C11-04938 ("*Russell*"), in the United States District Court for the Northern District of California.

27.     The *Robertson* and *Thrower* lawsuits have been deemed administratively "related" to the *In re NCAA* lawsuit by the United States District Court for the Northern District of California, such that each has been assigned to the same District Court Judge.  The *In re NCAA*, *Nuckles*, *Thrower*, *Robertson* and *Russell* lawsuits are collectively referenced herein as the "Underlying Lawsuits."

### CLC'S CLAIMS UNDER THE POLICIES

28.     CLC provided timely notice of each of the Underlying Lawsuits to National Union under the National Union Policies.  Notwithstanding CLC's timely notice, National Union significantly delayed providing its coverage determinations to CLC with respect to the Underlying Actions.  For instance, CLC provided notice of the *Keller* lawsuit to National Union in early July 2009, but National Union did not provide is coverage position to CLC for nearly five months, until December 2009.  Similarly, CLC provided notice of the *O'Bannon* lawsuit to National Union in mid-August 2009, but National Union failed to provide its coverage position to CLC for more than five months, until late January 2010.  These are just two examples of instances where National Union delayed providing its coverage positions to CLC.

29.     Ultimately, in response to notice of each of the Underlying Actions, National Union has acknowledged that it owes CLC a duty to defend CLC in the Underlying Actions, based on the definition of "personal and advertising injury."

30.     Although National Union has acknowledged its duty and agreed to defend CLC in the Underlying Actions pursuant to a purported reservation of rights, National Union imposed certain conditions and limitations on its defense.  For instance, National Union has refused to pay the full amount of defense costs that CLC has incurred and will continue to incur while defending the Underlying Lawsuits.  CLC has repeatedly contested these conditions and limitations.

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                    - 21 -
CASE NO. C11-04897-JW

US2008 3042476

31.     National Union has also purported to attempt to condition its defense of CLC in the Underlying Actions upon a purported right to seek recoupment from CLC of any defense costs that National Union pays to CLC, but which National Union contends relate solely to claims that are not covered under the National Union Policies.  CLC has repeatedly denied that National Union has a right to such recoupment under the National Union Policies, or at law.  In addition, National Union has repeatedly delayed payment of CLC's defense costs in the Underlying Lawsuits.

## COUNT I

## DECLARATORY JUDGMENT ON NATIONAL UNION'S DUTY TO DEFEND AND DUTY TO INDEMNIFY

32.     CLC incorporates herein by reference paragraphs 1 through 31 as fully set forth herein.

33.     One or more of the National Union Policies provide coverage for the Underlying Actions, requiring that National Union defend and indemnify CLC in the Underlying Actions.  In particular, the Underlying Actions allege "Personal and Advertising Injury."  At the very least, and as National Union has acknowledged, the Underlying Actions allege "Personal and Advertising Injury" that is potentially covered by the National Union Primary Policies. Therefore, National Union owes CLC a duty to defend in the Underlying Actions.

34.     CLC has complied with all terms and conditions in the National Union Policies, or such compliance has been excused, waived or relieved by estoppel.  Additionally, none of the exclusions in the National Union Policies preclude coverage, or National Union's reliance on such exclusions has been excused, waived or relieved by estoppel or laches, or other operation of law.

35.     By filing the instant Complaint, National Union apparently now contends that the Underlying Actions are not and never can be covered by the National Union Policies.  Thus, National Union seeks a declaration from this Court that National Union does not owe a defense or indemnity to CLC in connection with the Underlying Actions.

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                                            - 22 -
CASE NO. C11-04897-JW

US2008 3042476

36.     As set forth in the Defenses contained in CLC's Answer, CLC asserts that National Union's claims do not establish the necessary prerequisites for issuance of declaratory relief, as "actual controversy" jurisdiction is not present.  However, if the Court determines that it is appropriate to proceed with National Union's claims, then while preserving and without waiving its rights, CLC submits that this Count of its Counterclaims presents an "actual controversy" between the parties that is appropriate for the entry of a declaratory judgment in CLC's favor, pursuant to 28 U.S.C. § 2201.

37.     CLC is entitled to a declaration that (a) National Union has a duty under the National Union Primary Policies to provide a full and complete defense to CLC in the Underlying Actions; and (b) National Union owes a duty to indemnify CLC for any settlements or judgments that may be entered in the Underlying Actions.

## COUNT II

### DECLARATORY JUDGMENT ON NATIONAL UNION'S RIGHT TO REIMBURSEMENT

38.     CLC incorporates herein by reference paragraphs 1 through 37 as full set forth herein.

39.     As set forth herein, one or more of the National Union Policies provide coverage for the Underlying Actions.  At the very least, and has National Union has acknowledged, the Underlying Actions allege "Personal and Advertising Injury" that is potentially covered by the National Union Primary Policies.  Therefore, National Union has been paying CLC's for its defense costs incurred in the Underlying Actions, subject to significant limitations and restrictions.

40.     By filing the instant Complaint, National Union now contends that it is entitled to (a) reimbursement of all defense costs paid to CLC for CLC's defense in the Underlying Actions; or (b) partial reimbursement of defense costs paid to CLC for CLC's defense in the Underlying Actions.

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company
CASE NO. C11-04897-JW

- 23 -

US2008 3042476

41.     As set forth in the Defenses contained in CLC's Answer, because a determination regarding National Union's claim for reimbursement is contingent upon a determination of whether National Union owes a duty to defend, and because there is no justiciable controversy regarding National Union's duty to defend, there also is no justiciable controversy regarding National Union's claim for reimbursement of defense costs.  However, if the Court determines that it is appropriate to proceed with National Union's claim for reimbursement, then while preserving and without waiving its rights, CLC submits that this Count of its Counterclaims presents an "actual controversy" between the parties that is appropriate for the entry of a declaratory judgment in CLC's favor, pursuant to 28 U.S.C. § 2201.

42.     CLC is entitled to a declaration that National Union is not entitled to full or partial reimbursement of any defense costs paid by National Union to CLC for CLC's defense in the Underlying Actions.

* * *

WHEREFORE, CLC respectfully requests the following relief:

(1)     That the Court enter judgment in favor of CLC on all causes of action;

(2)     On Count One, judgment on CLC's behalf declaring that (a) National Union has a duty under the National Union Primary Policies to provide a full and complete defense to CLC in the Underlying Actions; and (b) National Union owes a duty to indemnify CLC for any settlements or judgments that may be entered in the Underlying Actions;

(3)     On Count Two, judgment on CLC's behalf declaring that National Union is not entitled to full or partial reimbursement of any defense costs paid by National Union to CLC for CLC's defense in the Underlying Actions;

(4)     That this case be tried by a jury; and

(5)     Such other, further relief as the Court deems equitable and just.

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                                    - 24 -
CASE NO. C11-04897-JW

US2008 3042476

1

## <u>JURY TRIAL DEMAND</u>

2

     CLC hereby demands a trial by jury of all issues so triable.

3

Dated this 23rd day of November, 2011.

4

5
                                      Respectfully submitted,

6
                   By:    s/Brent W. Brougher
                            Brent W. Brougher

7
                            California Bar No. 167791
                            KILPATRICK TOWNSEND & STOCKTON

8
                            LLP
                            Suite 2800

9
                            1100 Peachtree Street
                            Atlanta, Georgia 30309

10
                            (404) 815-6500 (Telephone)
                            (404) 815-6555 (Facsimile)

11

12
                            bbrougher@kilpatricktownsend.com

13
                            Attorney for Defendant
                            Collegiate Licensing Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                      - 25 -
CASE NO. C11-04897-JW

US2008 3042476

1

### CERTIFICATE OF SERVICE

2

3        I hereby certify that on November 23, 2011, the foregoing was electronically filed with

4   the Clerk of Court using the CM/ECF system, which will automatically send notification to the e-

5   mail addresses registered.

6   DATED:  November 23, 2011

7                                                  By:   s/Brent W. Brougher

8                                                        KILPATRICK TOWNSEND & STOCKTON
                                                         LLP
9                                                        Brent W. Brougher
                                                         California Bar No. 167791
10                                                       Suite 2800
                                                         1100 Peachtree Street
11                                                       Atlanta, Georgia 30309
                                                         (404) 815-6500 (Telephone)
12                                                       (404) 815-6555 (Facsimile)

13                                                       bbrougher@kilpatricktownsend.com

14                                                       Attorneys for Defendant
                                                         Collegiate Licensing Company
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Collegiate Licensing Company's Answer to Complaint and Counterclaims against
Plaintiff National Union Fire Insurance Company                                        - 26 -
CASE NO. C11-04897-JW

US2008 3042476